JDL:RTP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JUAN DE DIOS RUIZ,
also known as "Guerro Army,"

         Defendant.

C O M P L A I N T

(21 U.S.C. § 841)

- - - - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK, SS:

        Carl T. DeFilippo, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about August 21, 2013, within the Eastern District of New York and elsewhere, the defendant JUAN DE DIOS RUIZ, also known as "Guerro Army," did knowingly and intentionally possess with the intent to distribute one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

        (Title 21, United States Code, Section 841).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.    I have been a Special Agent with HSI for approximately 11 years and I am currently assigned to the El Dorado Task Force (the "Task Force"), which is an investigative group comprised of agents from HSI and state and local law enforcement agencies.  I have participated in narcotics trafficking and money laundering investigations, during the course of which I have conducted or participated in surveillance, execution of search warrants, debriefings of informants and reviews of taped conversations and records.  Through my training, education and experience, I have become familiar with the manner in which narcotics are distributed, narcotics proceeds are laundered and the efforts of persons involved in such activity to avoid detection by law enforcement.

2.    The facts set forth in this affidavit are based in part on information that I have learned from my participation in the investigation, review of written documents prepared by, and conversations with, members of the Task Force.  Furthermore, with respect to the portions of this affidavit that describe surveillance, all surveillance was conducted by officers assigned

---

[1]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

2

to the Task Force.  The observations of the involved law enforcement officers have been related to me to supplement the activities that I personally observed.

3.   The Task Force is conducting an investigation of a narcotics trafficking whose members operate in the Eastern District of New York and other places to import and distribute narcotics and launder the proceeds of this narcotics trafficking.

4.   On or about August 21, 2013, El Dorado Task Force members were conducting surveillance of 33 Ashford Street in Brooklyn, New York.  During the course of their investigation, Task Force members had identified the location as a possible location that members of the conspiracy were using to store narcotics and/or narcotics proceeds.

5.   While conducting surveillance of the location, Task Force members noticed the defendant JUAN DE DIOS RUIZ appear in front of 33 Ashford Street carrying a clear plastic bin that, given the manner in which the defendant was carrying the bin, appeared to be heavy.  The Task Force members observed the defendant approach a green Nissan Altima, bearing New York State license plate FTX-5110.  The Task Force members observed the defendant place the bin on the ground near the Altima.  Task Force members then observed the defendant repeatedly look around his surroundings; based on their training and experience the members believed that the defendant was doing so in an effort to

3

detect the presence of law enforcement.  After a short while, the defendant placed the plastic bin in the trunk of the Altima, got into the driver's seat, and drove off.

6.  Task Force members followed the Altima.  The Task Force members observed the defendant drive east-bound on Ridgewood Avenue and make a left-hand turn onto Chestnut Street without signaling.  The Task Force members pulled the Altima over and approached the vehicle.  The defendant consented to a search of the vehicle.  During the consensual search of the vehicle, the Task Force members found the clear plastic bin that the defendant had placed inside the trunk.  The plastic bin contained eighteen (18) bricks, which, based on the Task Force members training and experience appeared to be narcotics.  Field tests later confirmed that the bricks tested positive for the presence of heroin.  The total approximate gross weight of the heroin was 20 kilograms.

7.  The defendant JUAN DE DIOS RUIZ was placed under arrest and was advised of his <u>Miranda</u> rights.  The defendant acknowledged that he understood his rights and waived those rights.  Task Force members asked for and the defendant consented to a search of the basement apartment located at 33 Ashford Street and the defendant gave the Task Force members a key to the front door of that apartment.

8.  During a search of the basement apartment, Task Force members found, among other items, a scale, a document that

4

based on the Task Force members' training and experience appears to be a ledger documenting either the accounting of the distribution of narcotics or narcotics proceeds, and approximately $100,000 in cash.  Based on my training and experience, possession of these items is consistent with narcotics trafficking and money laundering.

WHEREFORE, your deponent respectfully requests that defendant JUAN DE DIOS RUIZ, also known as "Guerro Army," be dealt with according to law.

Carl T. DeFilippo
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
22nd day of August, 2013

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK